**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY J. BRODSKI,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS,<br><br>            Defendant. | Case No. 2:11-cv-01489-KJD-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

   Plaintiff Anthony J. Brodski is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.      *In Forma Pauperis* Application**

   Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

   Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The facts alleged in Plaintiff's Complaint are difficult to follow and incomprehensible. Plaintiff contends that the Las Vegas Metropolitan Police Department ("LVMPD") and others are trying to coerce and entrap Plaintiff into "signing [himself] in as a felon." He states LVMPD used heart resuscitation equipment on him to torture him, telling him to leave Las Vegas. Plaintiff alleges Sheriff Gillespie tried to run him out of Las Vegas, and a real estate broker told him he was not permitted to live in Las Vegas. He states people, including LVMPD and Sheriff Gillespie, burned him, "sweated him," and tortured him, and he has heart problems and strange growths on his head as a result. Additionally, he claims to have lost vision, suffer from nightmares, and have trouble breathing because the police raped him as a child, and they retaliate when Plaintiff tries to sue them. 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The court finds that Plaintiff's factual claims describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Because Plaintiff's Complaint does not set forth a plausible claim, it is recommended that is be dismissed with prejudice. Because allegations of other facts would not cure it, Plaintiff is not entitled to an opportunity to amend the Complaint.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

Dated this 29th day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.